IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RICKEY G. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-00001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STEVE DRAPER, ET AL, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion for Injunction [ECF No. 5] and Motion for a Temporary Restraining Order and/or a Preliminary Injunction [ECF No. 7]. I heard oral arguments on the Motions on February 2, 2017. At that time, I informed the parties that the Motions would be denied. This opinion supplements my in-court statements.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

On January 3, 2017, Plaintiff Rickey Young filed a Complaint in this Court alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, common-law defamation, and apparently a violation of the Virginia Residential Landlord and Tenant Act. (See Compl. ¶¶ 1, 5, 15, 19.) Plaintiff contends that all defendants (the sheriff, the chief of police, a deputy sheriff, and the landlord) conspired to serve upon him an "illegal form notice for trespassing" (id. ¶ 13), that they "wrongfully and illegally attempted to arrest the plaintiff" (id. ¶ 14), and that they defamed him in that "[t]he statements by the defendants infer that the plaintiff committed crimes of moral turpitude when he entered property belonging to another when the plaintiff had permission to

---

[1] The facts come from Plaintiff's Complaint and the evidence adduced at the hearing on February 13, 2017. "Although pro se litigants are typically entitled to lenient treatment, such leniency is unnecessary where the pro se plaintiff is himself an attorney." Diprete v. 950 Fairview Street, LLC, Case No. 1:15-cv-00034, 2016 WL 6137000, at *4 n.4 (W.D. Va. Oct. 21, 2016).

remain on the property as a guest. The statements taken as a whole infer that the plaintiff committed acts of falsity, fraud and deceit, as well as commission of a criminal offense, damaging the plaintiff's reputation locally, nationally, and globally." (Id. ¶ 18.)

Plaintiff contends that, on December 29, 2016, he was visiting a resident at 101 Wood Street, Apt. D1, in Martinsville, VA. At that time, he was served with a "No Trespass Notice," by Deputy Corcoran ("the Notice"), who is not a party to this action. The Notice, which was signed by Defendant Nancy Hylton,[2] stated:

> THE MARTINSVILLE CITY SHERIFF'S OFFICE IS ONLY SERVING THIS NOTICE AS A SERVICE AND IN NO WAY SHOULD IT BE FELT THAT THE MARTINSVILLY CITY SHERIFF'S OFFICE IS JUDGING WHO HAS A RIGHT TO THE ABOVE LISTED PROPERTY AND WHO DOES NOT. THIS IS ALL THE OPINION OF THE PERSON OBTAINING THIS NOTICE AND IT WILL BE USED IN COURT, IF DEEMED NECESSARY, THAT THE ABOVE LISTED PERSON HAS BEEN LEGALLY NOTIFIED TO VACATE SAID PREMISES.

[ECF No. 9-1.] Plaintiff's Complaint does not allege when or how the Defendants "attempted" to arrest him, but he does allege that Defendants "den[ied] the tenant the opportunity to receive assistance with her handicap primarily because she is white and the plaintiff is black." (Compl. ¶ 1.)

Plaintiff filed Motions for a Temporary Restraining Order and Preliminary Injunction under Federal Rule of Civil Procedure 65(b) ("the Motions"). [ECF Nos. 5, 7.] Although Plaintiff asserts that he "provided a copy" of his request to the City Attorney, no return of service was filed with the Court. Nevertheless, all parties were represented at the hearing on the Motions on February 2, 2017.

## II. STANDARD OF REVIEW

---

[2] Hylton and her husband own the townhouses in question. Unit D1 is rented to a third party who is not a party to the present action.

- 2 -

Case 4:17-cv-00001-JLK-RSB   Document 45   Filed 02/14/17   Page 2 of 7   Pageid#: 271

"The standard of review for granting either a TRO [temporary restraining order] or a preliminary injunction is the same." U.S. ex rel. $12,642.00 U.S. Currency v. Virginia, 2003 WL 23710710, at *1 (E.D. Va. 2003). "To obtain a preliminary injunction the traditional standard requires the court to evaluate four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest." Moore v. Kempthorne, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citing Manning v. Hunt, 119 F. 3d 254, 263 (4th Cir. 1994)). "While plaintiffs seeking preliminary injunctions must demonstrate that they are likely to succeed on the merits, they 'need not show a certainty of success.'" League of Woman Voters of N.C. v. North Carolina, 769 F.3d 224, 247 (4th Cir. 2014) (quoting Pashby v. Delia, 709 F.3d 307, 321 (4th Cir. 2013)).

### III. DISCUSSION

Plaintiff does not meet any of the requirements to obtain a preliminary injunction or a temporary restraining order.

(1) Likelihood of irreparable harm to Plaintiff

Plaintiff has not offered any evidence that he has a need or a right to be on the property in question. He has failed to offer any evidence that he: (1) owns or rents property there; (2) is employed there; or (3) has children or family who reside at that address. Cf. Boone v. Commonwealth, No. 2575-95-2, 1997 Va. App. LEXIS 56 (Va. Ct. App. Feb. 4, 1997) (affirming a conviction for trespassing where defendant had not established a legitimate claim of right to be on the property). He asserts, in passing, that a disabled person resides at the address, but he has not asserted that he is her caretaker or that he provides any necessary service to or for

- 3 -

Case 4:17-cv-00001-JLK-RSB   Document 45   Filed 02/14/17   Page 3 of 7   Pageid#: 272

her. At most, he has alleged that a friend lives at that address and that, because of the "ban,"[3] he cannot visit. Setting aside that he has no protected right in visiting someone at that specific address, he has not shown or argued that he cannot visit the resident at another location, i.e., a coffee shop, park, or restaurant, or that the resident is home-bound or otherwise unable to meet with Plaintiff elsewhere. As such, there is nothing to suggest that he is harmed by maintaining the status quo.

At the hearing, the only evidence Plaintiff offered or articulated is that he wanted to be able "to drive on the property." As he has not shown that not being permitted to drive on the property harms him in any way,[4] he has failed to make the requisite showing to obtain a preliminary injunction or a TRO.

(2) <u>Likelihood of irreparable harm to Defendants</u>

At the hearing on Plaintiff's Motions, the only testimony from any party with a legally recognized property interest was from Defendant Nancy Hylton, who stated that she did not want Plaintiff on the property in question. As such, granting Plaintiff the requested relief would implicate Hylton's property rights, whereas Plaintiff has not offered any evidence that his rights, property or otherwise, would be violated if the status quo were held. Accordingly, the evidence established that granting Plaintiff a preliminary injunction would cause harm to Defendant

---

[3] Although Plaintiff calls the Notice a "ban," it is not. It is merely a form notice to inform him that the property owner does not consent to his presence. <u>See</u> Va. Code Ann. 18.2-119 (2016) ("If any person without authority of law goes upon or remains upon the lands, buildings or premises of another . . . after having been forbidden to do so, either orally or in writing, by the owner . . . , he shall be guilty of a Class 1 misdemeanor."). Strictly speaking, the Notice has no legal effect; the statute and the laws of the Commonwealth are what prohibit him from entering the property in question.

[4] Plaintiff did testify that, at one time, he operated a taxi cab in the City of Martinsville, but that he no longer does so. Thus, there is no evidence of any economic harm to Plaintiff if he is not permitted onto the property in question.

- 4 -

Hylton, although not irreparable harm, as there was no allegation that Plaintiff was violating the law while on Hylton's property.

(3) <u>Likelihood of success on the merits</u>

Plaintiff has not shown a likelihood of success on his claims. The Notice, on its face, explains that it is merely a form sent because the landlord objects to his presence. By his own admission, he was not arrested. Because no action was alleged to have been taken against Plaintiff except to notify of the property owner's objection to his presence on her private property, there has been no action undertaken under color of law. See 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."). Section 18.2-119 of the Virginia Code permits the "owner, lessee, custodian, or the agent of such person, or other person lawfully in charge thereof" to issue the required notice. Therefore, Deputy Corcoran was not acting under "color of state law" when he served the Notice on Plaintiff. Cf. <u>Butler v. Sheriff of Plam Beach Cnty.</u>, 685 F.3d 1261, 1267 (11th Cir. 2012) (holding that, where the unlawful conduct was not made possible by a defendant's status as a corrections officer, the action complained of did not occur under color of state law). Deputy Corcoran's actions were not empowered by his badge, and thus § 1983 is inapplicable. [See also ECF No. 9-1 (noting that the Sheriff's Office was delivering the Notice "as a service" and that the contents of the Notice are "all the opinion of the person" who obtained it).]

Moreover, even if he was barred from the private property of another, such action does not violate Plaintiff's Constitutional rights. See <u>Collins v. Commonwealth</u>, 517 S.E.2d 277 (Va.

- 5 -

Case 4:17-cv-00001-JLK-RSB   Document 45   Filed 02/14/17   Page 5 of 7   Pageid#: 274

Ct. App. 1999) (holding that Va. Code Ann. § 18.2-119 does not violate a defendant's First Amendment right of association or due process rights).

With regard to Plaintiff's claim under 28 U.S.C. § 1985, Plaintiff has not offered any evidence that he would succeed on his claim. To establish a cause of action under § 1985(3), a plaintiff must show:

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Moreover the law is well settled that to prove a section 1985 "conspiracy," a claimant must show an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights.

Simmons v. Poe, 47 F.3d 1370, 1376–77 (4th Cir. 1995) (citations omitted). Plaintiff did not offer any evidence to show that, at trial, he would be able to establish any of these elements.

Plaintiff's alleged claim under the Virginia Residential Landlord and Tenant Act, assuming it is colorable, must be brought by the owner or lessee of the property (the "tenant's assertion" Plaintiff cites permits the *tenant* to request that a general district court "review the landlord's action to bar [a] guest or invitee," Va. Code Ann. § 55-248.31:01 (2016)). Because he has no standing to assert the lessee's claims—in this court or any other—he has not shown that he will succeed on the claim he asserts.

With regard to Plaintiff's defamation claim, assuming it is valid,[5] there is no federal jurisdiction. It is a state cause of action among individuals who are all residents of the Commonwealth of Virginia. Thus, there is no federal question or diversity jurisdiction.[6]

---

[5] Plaintiff contends that "the landlord told . . . other members of the public community at large that the plaintiff had been convicted of a felony . . . ." (Compl. ¶ 12.) It is unclear whether Plaintiff contends that statement is defamatory, whether the inference that he "committed crimes of moral turpitude" is defamatory, or whether he contends both statements defamed him.

(4) <u>Public Interest</u>

This is, at best, a private issue between private parties. The public has no interest in this case.

IV. **<u>CONCLUSION</u>**

Plaintiff has failed to establish any of the prerequisites necessary to obtain a preliminary injunction or a temporary restraining order. Most notably, he has not demonstrated irreparable harm to himself or a likelihood of success on the merits of his claims. Having failed to make the requisite showings, the Motions will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 14th day of February, 2017.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Given the grave deficiencies of Plaintiff's federal claims, it is unlikely, at this stage, that I would exercise supplemental jurisdiction over his state law defamation claim. <u>See</u> 28 U.S.C. § 1367(c)(3).